NOT DESIGNATED FOR PUBLICATION

No. 115,616

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TC HULETT,
*Appellant*.


MEMORANDUM OPINION


Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed July 14, 2017. Affirmed.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.


*Per Curiam*:  TC Hulett appeals his jury trial conviction for interference with a law enforcement officer, claiming the evidence was insufficient to convict him. Upon review of the record, we are persuaded the evidence, when viewed in a light most favorable to the State, was sufficient to support the jury's decision to convict Hulett. We affirm.

1

On August 12, 2014, at approximately 3:30 a.m., Olathe police officers Justin Jakely and David Reed noticed a motorcycle parked on the sidewalk in front of an apartment complex. Officer Jakely thought it was suspicious and ran the tag, which came back as stolen. The officers took photographs of the motorcycle, including its vehicle identification number. They knocked on the door of a ground-floor apartment and learned the driver of the motorcycle was in the apartment above. They went upstairs and knocked on the door but did not receive a response. At the time, they identified themselves as police officers. This interaction was heard by a resident inside the ground-floor apartment.

The officers returned to their patrol car with its rear-facing emergency lights on to secure the scene and maintain control over the motorcycle. The emergency lights were clearly visible to the resident of the ground-floor apartment. Approximately 1 hour later while waiting for a tow truck to arrive, their emergency lights still engaged, the officers saw Hulett run from the building directly toward them and get on the motorcycle. Hulett testified at trial he was in the second-story apartment visiting a female friend. Hulett admitted he jumped off the second-floor balcony, claiming to be making a quick escape after the knock on the door, thinking it was "another competitor for her affections." Both officers yelled for him to stop, but he did not. The resident of the ground-floor apartment could hear the officers yelling at Hulett to stop from inside his apartment. Hulett started the motorcycle and attempted to leave. The officers pulled him off the motorcycle and arrested him. During the course of the arrest, Hulett struggled with the officers, refusing to cooperate or give them his hands as they tried to handcuff him. The struggle lasted 1 to 2 minutes.

After arresting Hulett, the officers continued their investigation. They questioned Hulett, but he stated he did not know what was going on and denied knowing they were police officers at the time of the struggle.

The State charged Hulett with felony theft of the motorcycle. After the preliminary hearing, the State filed an amended complaint adding a charge of interference with law enforcement in violation of K.S.A. 2014 Supp. 21-5904(a)(3). Specifically, the State alleged Hulett obstructed Officer Reed in the performance of his official duty by resisting arrest. At trial, the jury was instructed that to return a guilty verdict on the interference with law enforcement charge, it was required to find Hulett obstructed Officer Reed by interfering with his "investigat[ion] [of] criminal activity" and "the defendant substantially hindered or increased the burden of the officer in the performance of the officer's official duty." The jury acquitted him of theft but convicted him of interference with law enforcement. He was sentenced to 12 months' imprisonment, suspended to 12 months' supervised probation after 60 days in jail.

ANALYSIS

On appeal, Hulett argues the evidence was insufficient to support his conviction. "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility. [Citations omitted.]'" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

3

The statute at issue here, K.S.A. 2014 Supp. 21-5904(a)(3), provides:

> "(a) Interference with law enforcement is:
>
> . . . .
>
> (3) knowingly obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty."

To obstruct official duty, our Supreme Court in *Brown* said:

> "The offense's elements are: (1) an identified law enforcement officer carrying out some official duty; (2) 'defendant knowingly and willfully obstructed or opposed [the] officer'; and (3) 'defendant knew or should have known the person he opposed was a law enforcement officer.'" *State v. Parker*, 236 Kan. 353, 364-65, 690 P.2d 1353 (1984). The question is whether the evidence established that Brown 'obstructed or opposed' the officers.
>
> "'[W]hether there has been an obstruction of official duty must depend upon the particular facts of each case . . . .' 236 Kan. at 364. "'[T]o obstruct is to interpose obstacles or impediments, to hinder, impede or in any manner interrupt or prevent, and this term does not necessarily imply the employment of direct force, or the exercise of direct means.'" *State v. Lee*, 242 Kan. 38, 40, 744 P.2d 845 (1987). While actual force is not necessary, '[t]here must . . . be some actual overt act of obstruction.' *Parker*, 236 Kan. at 360. The crime encompasses both physical acts and oral statements. 236 Kan. at 363.
>
> . . . .
>
> "The defendant's act 'must have substantially hindered or increased the burden of the officer in carrying out his official duty.' 236 Kan. at 364.
>
>> "'The principal purpose of criminalizing conduct that resists and obstructs officers in the performance of their duty is to protect officers from physical harm . . . . The statutes de-escalate the potential for violence which exists whenever a police officer encounters an individual in the line of duty, and the concern is not limited to the officer's safety but extends to all parties involved, including the prospective arrestee.' 67 C.J.S., Obstructing Justice § 25."

*State v. Brown*, 305 Kan. 674, 690, 387 P.3d 835 (2017).

4

The State argues Hulett *would have* substantially hindered the officers had he gotten away. While it likely would have hindered their investigation, the question is not what would have happened; the question is what *did* happen. Here, Hulett was not charged with an attempted crime; he was charged with a completed offense. Accordingly, any scenario premised on hypothetical consequences is of no bearing. The determinative question is whether Hulett's attempt to ride off on the motorcycle interfered with a law enforcement officer in the discharge of his official duty.

Hulett argues it did not. In support of his argument he cites to *State v. Everest*, 45 Kan. App. 2d 923, 256 P.3d 890 (2011). In *Everest*, a driver gave a false name during a DUI investigation, resulting in a 3-minute delay. The *Everest* court reversed his conviction, finding the act and resulting delay did not substantially interfere with the officer's investigation. 45 Kan. App. 2d at 930.

The State asserts:

> "Unlike in *Everest*, where the identification was of little import at the time of the false statement and was quickly corrected, Hulett attempted to flee from the police. Had he been successful, because of the no-pursuit rule in Olathe, officers may have not been able to identify him and establish [the State's] case."

We agree with the State. Although what might have happened is of no relevance because Hulett was not charged with an attempt crime, here, Hulett did not simply passively lie about his name; he actively and physically resisted the officers trying to get him off the stolen motorcycle they had already taken into police custody. There was an urgency to the situation, unlike the false information provided in *Everest*. The issue was his failure to follow the commands of the officers acting in discharge of their official duty. There can be little doubt that Hulett's actions substantially interfered with the officers maintaining possession of a stolen motorcycle in their custody.

Even though the officers had not made direct contact with Hulett when he was inside the apartment, when the officers yelled for him to stop after he jumped off the second floor balcony and ran from the apartment toward the motorcycle, he was effectively detained. He was clearly detained when he was pulled off the motorcycle, held down by the officers, and handcuffed. Under these facts, in a light most favorable to the State, a jury could reasonably conclude Hulett should have known and realized there were two police officers acting in the discharge of their official duty and that he interfered with them by jumping on the stolen motorcycle and trying to leave. The evidence was sufficient to support the conviction.

Affirmed.